**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 95-5090

ALBERT DELON REED, JR.,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Florence.
C. Weston Houck, Chief District Judge.
(CR-94-383)

Submitted: October 8, 1996

Decided: November 1, 1996

Before WIDENER, WILLIAMS, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Domenick J. Porco, Scarsdale, New York, for Appellant. Margaret
Seymour, United States Attorney, Alfred W. Bethea, Jr., Assistant
United States Attorney, Florence, South Carolina; Thomas E. Booth,
UNITED STATES DEPARTMENT OF JUSTICE, Washington,
D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Albert Delon Reed, Jr., appeals from his conviction and sentence for possession of 193 grams of cocaine base and 441 grams of marijuana with intent to distribute. We affirm.

Reed raises three issues in his appeal. First he asserts that the district court erroneously denied his motion to suppress evidence found in his van during a police search. In support of this claim, Reed argues that the officers lacked probable cause to conduct their search. We find that, when viewing the totality of the circumstances surrounding the search, there was a "fair probability" that drugs would be found in Reed's van. Illinois v. Gates, 462 U.S. 213, 238 (1983). Accordingly, we find that the search was supported by probable cause. See id.

Reed next claims that he was denied effective assistance of counsel and that the district court's refusal to grant him a continuance to secure alternative counsel denied him a fair trial. To the extent that Reed seeks to attack the effectiveness of his counsel, we find that ineffectiveness is not clear from the record. Accordingly, the proper forum for such a claim would be through a motion brought under 28 U.S.C. § 2255 (1994), amended by Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214. To the extent that Reed seeks to use this claim to demonstrate that the district court abused its discretion in refusing to grant him a continuance, we find no abuse of discretion.

Reed's final claim is that his sentence--life imprisonment without parole under 21 U.S.C. § 841(b)(1)(A) (1994)--was so disproportionate to his offense--a third drug felony involving 193 grams of cocaine base and 441 grams of marijuana--that it constitutes a violation of the Eighth Amendment's Cruel and Unusual Punishment

2

Clause. We have reviewed this claim under the guidelines set forth in Solem v. Helm, 463 U.S. 277 (1983), and find that the sentence is not so disproportionate to the offense to constitute an Eighth Amendment violation. Accordingly we affirm Reed's conviction and sentence.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED